JUSTICE WEBER
dissents as follows:
I dissent from the Court’s opinion. In doing so, I join in the dissent of Justice Gray.
In addition to the points made by Justice Gray, I point out that the Wrongful Discharge From Employment Act, §§ 39-2-901 to 915, MCA, has additional pertinent provisions. Section 39-2-904, MCA, sets forth the key elements of wrongful discharge as follows:
39-2-904. Elements of wrongful discharge. A discharge is wrongful only if:
(2) the discharge was not for good cause ...
As a result of the foregoing statute, we must first determine if a discharge was not for good cause. Good cause is defined as follows in § 39-2-903, MCA:
(5) “Good cause” means reasonable job-related grounds for dismissal based on a failure to satisfactorily perform job duties, disruption of the employer’s operation, or other legitimate business reason. ...
I emphasize here that good cause relates only to dismissal based on a failure to perform job duties, etc. Justice Gray points out that “termination” is an ending of employment. In the same way, the word “dismissal” is an ending of employment. I conclude this is an additional reason to join in the conclusion of Justice Gray that a discharge means an ending of employment, nothing more and nothing less. I would affirm the District Court’s determination.